# WENZEL KANTSKY *et al.*

*v.*

## THOMAS G. ATWOOD.

1. CONTRACT—*description of parties.* The fact that parties executing a contract, who were members of a mere partnership firm, are described in the body thereof by the name of a planing mill company, does not affect the validity of the contract.

2. SAME—*regarded as the contract of parties executing it.* In the body of a lease, the parties of the first part were described as the New England Planing Mill Co., but it was executed by a firm, who were the planing mill company, in their firm name: *Held,* that the lease was to be regarded as the contract of the parties who executed it in the firm name, and that it was not affected by the statute prohibiting companies not incorporated from assuming a corporate name.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellants.

Messrs. WILSON & PERRY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Thomas G. Atwood against appellants, to recover rent due upon a lease which, upon its face, purports to be made by the New England Planing Mill

Company, party of the first part, and appellants, party of the second part, but it was executed by Driscoll & Loveland, as party of the first part.

The property named in the lease was sold and conveyed by Driscoll & Loveland to appellee, and the suit was brought in his name as assignee.

On a trial of the cause before a jury, appellee recovered a judgment of $750, which appellants insist should be reversed for two reasons:

*First*—That the court erred in admitting in evidence the lease made between the New England Planing Mill Company and appellants.

*Second*—That the verdict is against the evidence.

It is averred in the declaration that the lease was made between certain persons then and there trading under the style and firm name of the New England Planing Mill Company, and likewise trading under the style and firm name of Driscoll & Loveland, of the one part, and the defendants of the other part, and the lease is set out *in hæc verba.*

It was proven on the trial that the New England Planing Mill Company, and Driscoll & Loveland, were one and the same; that the firm of Driscoll & Loveland owned the mill as partners, which they called the New England Planing Mill. This name was given the mill for the reason the firm manufactured large quantities of lumber to send to New England.

It also appeared that appellee purchased the mill property of Driscoll & Loveland, and, after the purchase, appellants attorned to him, and paid rent for the property to him, as landlord, for about one year, when they abandoned it, and refused to pay rent according to the terms of the lease.

It is urged that the lease is void, because it purports to be made by one party, and was signed by another.

A complete answer, however, to this position is found in the fact that the New England Planing Mill Company, and Driscoll & Loveland, as the evidence discloses, can not be regarded as distinct parties. The New England Planing

Mill Company was Driscoll & Loveland, under another name and style.

When Driscoll & Loveland leased the property to appellants. the mere fact that, in the body of the lease, they described themselves as the New England Planing Mill Company, did not affect the validity of the contract. When Driscoll & Loveland executed the contract, they became bound by its terms and conditions as the party of the first part, and when it was executed by appellants, they also became liable to observe its terms and requirements.

It is also said the lease is void, because the statute prohibits, under a penalty, any company or association, not incorporated, from assuming a corporate name.

The lease in question is to be regarded as the contract of the parties who executed it, and as Driscoll & Loveland executed the contract in their own names, and not in a corporate name, the argument of appellants has no application to the facts of this case. We are therefore of opinion that the lease was properly admitted in evidence.

In regard to the second point made by appellants, that the verdict was contrary to the evidence, we have carefully examined the testimony, and find it to be conflicting, and, under the uniform decisions of this court, the verdict of the jury must be regarded as final.

The appellants insisted before the jury that they were compelled to abandon the leased building, for the reason that appellee failed to furnish the power stipulated for in the lease, and failed to keep the premises in proper condition, and to observe other requirements of the contract. On the other hand, this was denied by appellee, and he introduced evidence tending to show that he substantially complied with the terms and conditions of the lease ; that appellants became dissatisfied with the location, and desired to change their place of business ; that the objections made by them were but a pretext to get rid of the lease.

These were all questions of fact, purely for the considera-

tion of the jury. They saw the witnesses upon the stand, and were better able to form a correct opinion as to their credibility, and the degree of weight to be given to the evidence of the various witnesses than an appellate court.

Under such circumstances, unless it appears that manifest injustice has been done, which this record does not disclose, we can not disturb the verdict.

The judgment will therefore be affirmed.

*Judgment affirmed.*